ALLEN, Judge,
specially concurring.
I concur in the affirmance of the appellant’s conviction and in certifying a question to the supreme court. In doing so, I make two observations.
First, it is worthy of note that this case involves a circumstance not present in Hopkins. Here, in addition to the deficient findings by the trial court, the proofs were also deficient in that there was no testimony indicating that it was the presence of the defendant, rather than the courtroom generally, which would cause the child to suffer emotional or mental harm. See Myles v. State, 602 So.2d 1278, 1281 (Fla.1992). But, unfortunately for the appellant, his trial counsel did not point out this deficiency to the trial court and object to the videotaping procedure on this basis. His counsel’s assertions that the proofs were deficient for other reasons did not preserve this issue for appellate review. In order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below. See Stein-horst v. State, 412 So.2d 332, 338 (Fla. 1982). And, except in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the lower court. Id. Accordingly, in addition to the question certified by the majority, I would also certify the following closely-related question to the supreme court:
DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR BY ALLOWING THE VIDEOTAPING OF A CHILD VICTIM’S TESTIMONY WITHOUT FACE-TO-FACE CONFRONTATION WITH THE DEFENDANT WHERE THE PROSECUTION HAS NOT PRESENTED THE PROOFS REQUIRED BY MARYLAND V. CRAIG?
Second, although the appellant’s trial counsel complained to the trial court about his inability to communicate immediately and directly with the appellant during the videotaping session, and although the supreme court in Myles held a similar arrangement in the context of closed circuit trial testimony violative of Myles’s right to assistance of counsel, the appellant’s appellate counsel has presented no argument on this point.